## FLYNN ex rel. JEW HONG SING v. TILLINGHAST, Commissioner of Immigration.

District Court, D. Massachusetts. May 1, 1929.

No. 4037.

Everett F. Damon, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge. The citizenship of the alleged father is conceded; and the only question is whether the claimed relationship was proved so indubitably that the decision of the immigration tribunals to the contrary was arbitrary. On at least two official examinations, the earliest being in 1916, the year of the applicant's birth, the alleged father had mentioned a son corresponding in name and age. The two give detailed testimony concerning the village and the family which, as the Board of Special Inquiry found, is "in substantial agreement."

There were, however, very significant discrepancies. The applicant gave as the marriage name of his father what appears to have been the marriage name of his grandfather; and as the marriage name of his grandfather what appears to be the marriage name of his father. It is said that the marriage name is the one by which a Chinaman is usually referred to in his family. The applicant told with some detail about a visit to Sai Ning Market to have his photograph taken, in which he was accompanied by his father; but the alleged father knows nothing about any such trip. When the alleged father was taken into the detention room, where the applicant and other Chinese boys were waiting, and was asked to pick out his son,

he at first pointed to another boy. On the testimony, the two had lived in the same family for two years ending about four years before when the boy was nine years old.

The Board of Special Inquiry regarded these and other discrepancies, which are referred to in its decision, as irreconcilable with the relationship claimed. Whatever the fact may be, such a view is not, in my opinion, either arbitrary or unreasonable.

Petition dismissed.